UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOWNSEND, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> Defendant. ) <br> _____ ) | NO. EDCV 12-2023 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Michael Townsend filed this action on November 26, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 7, 9.) On September 12, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

**I.**

**PROCEDURAL BACKGROUND**

On August 18, 2008, Townsend filed applications for disability insurance benefits and supplemental security income benefits. Both applications alleged an onset date of December 30, 2004. AR 27, 88. The applications were denied initially and upon reconsideration. AR 81-84. Townsend requested a hearing before an Administrative Law Judge ("ALJ"). AR 22. On March 30, 2010, the ALJ conducted a hearing at which Townsend, a medical expert and a vocational expert ("VE") testified. AR 61-80. On May 11, 2010, the ALJ issued a decision denying benefits. AR 85-96. On January 25, 2011, the Appeals Council granted Townsend's request for review, vacated the hearing decision and remanded the case to the ALJ to evaluate Townsend's alcohol abuse, consider state agency physician Dr. Skopec's opinion, offer Townsend an opportunity for hearing and take any further action needed to complete the administrative record and issue a decision. AR 100-02.

On June 2, 2011, on remand, the ALJ conducted a hearing at which Townsend, a medical expert and VE testified. AR 39-60. On June 17, 2011, the ALJ issued a decision denying benefits. AR 24-34. On September 20, 2012, the Appeals Council denied the request for review. AR 1-6. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might

accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B. The ALJ's Findings

The ALJ found that Townsend met the insured status requirements for purposes of disability insurance benefits through June 30, 2007. AR 29.

Townsend had the severe impairments of visual loss, asthma (controlled), alcohol dependence and depressive disorder, not otherwise specified. *Id.* He had the residual functional capacity ("RFC") to perform medium work except that he can "lift and carry 50 pounds occasionally and 25 pounds frequently; stand and walk six hours in an eight-hour day; sit six hours in an eight-hour day; does not need an assistive device for ambulation; cannot climb ladders, ropes, or scaffolds; cannot balance; has monocular vision that precludes tasks involving fine visual details such as newsprint or smaller; should be in an air-conditioned environment free of excessive inhaled pollutants, including cigarettes; limited to simple repetitive tasks; must be in a nonpublic setting; no hypervigilance; and no

fast-paced work." AR 30. Although Townsend was unable to perform any past relevant work, there were jobs that existed in significant numbers that Townsend could perform, such as warehouse worker, hand packer, and food and beverage order clerk. AR 32-33.

### C. Step Five of the Sequential Analysis

Townsend contends that the three jobs identified by the VE – warehouse worker (DOT No. 922.687-058), hand packer (DOT No. 920.587-018), and food and beverage order clerk (DOT No. 205.387-014) – are inconsistent with his RFC.

At step five of the sequential analysis, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]."[1] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the [VE's] explanation for the conflict is reasonable and

---

[1] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

4

whether a basis exists for relying on the expert rather than the [DOT]."[2] *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id*. at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE provided sufficient support for her conclusion to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Townsend points to the ALJ's RFC that (a) his monocular vision precludes tasks involving fine visual details such as newsprint or smaller; (b) he is limited to simple repetitive tasks; (c) his work must be in a non-public setting; and (d) he is precluded from fast-paced work. AR 30. The Commissioner contends any error is harmless because he can perform the job of warehouse worker. JS at 18-19. Townsend does not contend that the warehouse worker job would be precluded by the limitations to simple repetitive tasks or a non-public setting. JS at 11-13.

The ALJ precluded "tasks involving fine visual details such as newsprint or smaller." AR 30. The ALJ noted that Townsend has 20/100 visual acuity with clear corneas and grossly normal visual fields, and is able to drive with corrective

---

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (footnotes omitted).

lenses.[3]  AR 93-94; *see* AR 32 (adopting discussion and findings related to physical impairments in prior decision).  According to the DOT, the job of warehouse worker requires frequent near acuity and frequent depth perception.  Near acuity is defined as clarity of vision at 20 inches or less.  Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App. C (1993 ed.).

The DOT's description of the warehouse worker job does not require fine visual detail such as newsprint or smaller, and such a limitation does not mean that a person is unable to see clearly at 20 inches or less.  Because the ALJ did not impose a limitation on near acuity or depth perception and the record does not establish such limitations, Townsend has not demonstrated an actual or apparent conflict between the VE's testimony and the DOT with respect to visual limitations.  *See Banawa v. Astrue*, 2011 U.S. Dist. LEXIS 4787, *30-*32 (S.D. Cal. Jan. 19, 2011).

The ALJ precluded fast paced work.  AR 30.  The VE testified that the limitation of no fast paced work precludes work on a conveyor line.  AR 51.  The VE testified that Townsend could be a warehouse worker.  AR 50.  Townsend argues that the DOT job description states that a warehouse worker performs "any combination of the following tasks," including:  "Fills requisitions, work orders, or requests for materials, tools, or other stock items and distributes items to production workers or assembly line."  (Exh. 1 to JS.).  An assembly line is not necessarily the same as a conveyor belt.  In any event, there is no indication the work is fast paced.  Townsend has not demonstrated an actual or apparent conflict between the VE's testimony and the DOT.  *See Woodbury v. Astrue*, 2011 U.S. Dist. LEXIS 132209 (C.D. Cal. Nov. 16, 2011) (ALJ did not err in

---

[3] Townsend testified that he is able to drive a car except that he does not drive at night.  AR 68.  Townsend's reports state that he is able to cook, watch TV, play games on a playstation and do household chores.  AR 248, 250, 252.

6

finding claimant could perform production helper job even though RFC precluded fast paced work and one possible task of production helper is to remove material from food on conveyor belt); *see also Lair v. Colvin*, 2013 U.S. Dist. LEXIS 42920, *14-*15 (C.D. Cal. Mar. 25, 2013) (DOT does not require that claimant be able to perform all of the listed duties).

### D. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Townsend's medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 31.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ found that Townsend's statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not credible to the extent they were inconsistent with the RFC. AR 31.

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental

7

conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13) (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ discounted Townsend's credibility for two reasons: (1) Townsend's admitted, continued alcohol abuse jeopardizes medication compliance and efficacy; and (2) the objective medical evidence does not support the degree of alleged limitations. AR 32, 92, 94.

Townsend testified that he is supposed to take his medications every day. AR 55. However, he does not do so because the medications cannot be taken with alcohol and he "would say" he drinks at least one 40-ounce beer every other day. *Id.* An ALJ may discount a claimant's credibility based on a failure to follow prescribed treatment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Townsend does not dispute that the objective medical evidence does not support the alleged severity of his symptoms. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, it is not the sole basis for the ALJ's credibility finding. The ALJ did not err.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 3, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge